In re David E. EDMONDS,
Respondent.

**A Member of the Bar of the District of Columbia Court of Appeals.**

No. 00–BG–2.

District of Columbia Court of Appeals.

Submitted Dec. 12, 2001.

Decided Feb. 27, 2003.

Before STEADMAN and GLICKMAN, Associate Judges, and BELSON, Senior Judge.

PER CURIAM:

On August 14, 2001, the Supreme Judicial Court for Suffolk County, Massachusetts, suspended respondent David E. Edmonds for the period of one year and a day after he abandoned his position as an Assistant Attorney General for the Commonwealth of Massachusetts. Respondent also failed to cooperate with the Massachusetts bar counsel and failed to abide by the terms of a previously imposed administrative suspension.[1] The Board on Professional Responsibility ("Board") now recommends that we impose identical reciprocal discipline of a suspension for one year and one day with a fitness requirement.

Bar Counsel has informed the court that she takes no exception to the Board's report and recommendation. Respondent has not participated in these proceedings and has not filed any opposition to the Board's report and recommendation. Given our limited scope of review and the presumption in favor of identical reciprocal discipline, we adopt the Board's recommendation. *See In re Goldsborough,* 654 A.2d 1285 (D.C.1995); *In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992); D.C. Bar R. XI, § 11(f). Accordingly, it is

ORDERED that David E. Edmonds be suspended from the practice of law in the District of Columbia for the period of one year and one day.[2] Reinstatement in the District of Columbia shall be conditioned on respondent's proof of his fitness to practice law. We again direct respondent's attention to the requirements of D.C. Bar R. XI, § 14(g) and their effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*

---

1. This matter first came before us as a reciprocal case stemming from respondent's administrative suspension. While the case was pending, the Massachusetts court imposed final discipline. Thus, on December 17, 2001, we remanded the record to the Board on Professional Responsibility for further consideration. On December 23, 2002, the Board filed a supplemental report and recommendation.

2. We note that respondent has been suspended from the practice of law in the District of Columbia since November 1, 1991, for nonpayment of dues and since January 13, 2000, pursuant to D.C. Bar R. XI, § 11(d) following his administrative suspension in Massachusetts.